Appellant, Reuben Coley, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator, pursuant to R.C. 2950.09(C).
In 1988, appellant pled guilty to two counts of felonious assault, one count of kidnapping, and two counts of rape. He was sentenced to concurrent terms of imprisonment of eight to twenty-five years for the rape and kidnapping charges and eight-to-fifteen years for the felonious assault charges. Following the January 1, 1997 effective date of R.C. Chapter 2950, and pursuant to the provisions set forth in said Revised Code Chapter, appellant was brought before the trial court for a determination of whether or not appellant be adjudicated a sexual predator. R.C. 2950.09(C). On May 20, 1998, a hearing was held on the matter during which defense counsel challenged the proceedings on retroactive, ex post facto law, double jeopardy, equal protection and due process grounds. The court overruled the defense motions.
Based on the stipulated facts, the trial court determined appellant to be a sexual predator. That decision was formalized in a judgment entry filed on May 21, 1998. Appellant brings this appeal asserting the following assignments of error:
 "FIRST ASSIGNMENT OF ERROR: The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on retroactive laws set forth in Article II, Section 28 of the Ohio Constitution.
 "SECOND ASSIGNMENT OF ERROR: The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on ex post facto lawmaking by the states set forth in Article 1, Section 10 of the United States Constitution.
 "THIRD ASSIGNMENT OF ERROR: Section 2950.09(C) of the Ohio Revised Code imposes multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
 "FOURTH ASSIGNMENT OF ERROR: R.C. 2950.09(C)'s differential treatment of those who remain incarcerated for what is now classified as a sexually oriented offense, and those convicted of comparable offenses who do not remain incarcerated in a state penal institution, is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the comparable guarantee of Article 1, Section 2
of the Ohio Constitution.
 "FIFTH ASSIGNMENT OF ERROR: Section 2950.09(C) of the Ohio Revised Code is unconstitutionally vague insofar as it falls to provide specific guidance to courts called upon to determine whether or not an inmate is a sexual predator, and as it falls to allocate the burden of proof."
In addressing appellant's first and second assignments of error, we note that the Ohio Supreme Court has previously found that R.C. 2950 does not violate the prohibitions against retroactive laws or ex post facto laws found in the Ohio and United States Constitutions. State v. Cook (1998), 83 Ohio St.3d 404,409-423. Therefore, appellant's first two assignments of error are overruled.
In his third assignment of error, appellant asserts that R.C.2950.09(C) violates the Double Jeopardy Clause of theFifth Amendment to the United States Constitution. This court has previously held that R.C. 2950.09(C) does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. State v. Burgoon (Feb. 26, 1998), Franklin App. No. 97APA07-951, unreported (Memorandum Decision); Statev. Collier (Oct. 6, 1998), Franklin App. No. 98AP-222, unreported (1998 Opinions 4707). Given these prior decisions, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant asserts that R.C. 2950.09(C) also violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This court has previously held that R.C. 2950.09(C) does not violate the Equal Protection Clause to theFourteenth Amendment. Burgoon and Collier, supra. Again, given these prior decisions of this court, appellant's fourth assignment of error is overruled.
Finally, appellant asserts that R.C. 2950.09(C) is unconstitutionally vague because it falls to provide specific guidance to courts to determine whether or not an inmate is a sexual predator, and that the statute falls to allocate the burden of proof. Given this court's prior decisions inBurgoon and Collier, supra, in which this court found R.C.2950.09 was not unconstitutionally vague and that the burden of proof rests with the state, appellant's fifth assignment of error is overruled.
For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.